UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MELISSA KATCHEVER,

    Plaintiff,

v.                                                       Case No. 17-cv-1764-pp

NANCY A. BERRYHILL,

    Defendant.

---

**ORDER GRANTING MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 3)**

---

On December 19, 2017, the plaintiff filed a complaint seeking judicial review of a final administrative decision denying her claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. The plaintiff also filed a motion for leave to proceed without prepayment of the filing fee. Dkt. No. 3.

In order to allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff has the ability to pay the filing fee, and if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

Based on the facts presented in the plaintiff's affidavit, the court concludes that she does not have the ability to pay the filing fee. The plaintiff indicates that she is not employed, dkt. no. 3 at 1, and that she has FoodShare income of $198, id. at 2. The affidavit states that her boyfriend supports her.

Id. The plaintiff reports that she has rent of $315 per month and other expenses of $200 per month; her monthly expenses total $515. Id. The plaintiff owns a 2002 Pontiac Montana valued at $1,000, and she has no cash or savings/checking accounts, and no other property of value. Id. at 3-4. She explains that she can't work due to her disabilities. Id. at 4. The plaintiff has demonstrated that she cannot pay the $350 filing fee and $50 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 Fed. 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's complaint states that the conclusions and findings of fact of the defendant are not supported by substantial evidence and are contrary to law and regulation. Dkt. No. 1 at 2. The complaint also indicates that to the extent that any new evidence has been submitted, that evidence is new, material and good cause exists for not presenting the evidence to the ALJ, and that the claim should be reopened in light of the evidence and/or that the refusal to consider the new evidence was based on a mistake of law. Id. At this

early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without paying the filing fee. Dkt. No. 3.

Dated in Milwaukee, Wisconsin this 22nd day of January, 2018.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**